IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY V. PATTON,

                Plaintiff,                Case No. 3:07 CV 1761

-vs-

                                            MEMORANDUM OPINION

KENNETH LORTZ,

                Defendant.

KATZ, J.

This matter is before the Court on Defendant's motion to dismiss and *pro se* Plaintiff's motion to remand. For the reasons stated below, Defendant's motion is well taken and Plaintiff's motion is denied.

**PROCEDURAL HISTORY**

In June 2003, Plaintiff, represented by counsel, initiated an action against his employer, The Budd Company, alleging a breach of the collective bargaining agreement and as against the UAW, both local and international chapters therein, for a breach of the duty of fair representation. *Patton v. The Budd Company, et al.*, Case No. 3:03 CV 7288 (N.D. Ohio). The subject of the Plaintiff's action involved his August 2000 termination from employment and processing of his grievance.

Following briefing by the parties and a Report and Recommendation by the Magistrate Judge, this Court adopted the recommendation and granted summary judgment to the Defendants on January 11, 2006. (*Patton v. Budd*, Doc. No. 78.) In making that determination, the Court held the employer did not breach the collective bargaining agreement, which effectively negated the

Plaintiff's hybrid §301 claim. Consequently, the Court did not consider the alleged breach of fair representation against the Union as the Plaintiff's hybrid action was deemed deficient as a matter of law.

On March 27, 2007, the Sixth Circuit Court of Appeals affirmed the Court's determination. *Patton v. Budd Co.*, 229 Fed. Appx. 380 (6th Cir. 2007).

In May 2007, *pro se* Plaintiff initiated several cases in the Court of Common Pleas for Wyandot County, including this one. The Defendants timely removed the actions to this Court. On June 26, 2007, this Court granted the Defendants' motion to consolidate the other related cases[1].

## DEFENDANT'S MOTION TO DISMISS

*A. The Case at Hand*

After naming himself and the Defendant as parties, the *pro se* Plaintiff's complaint states as follows:

> **NATURE OF THE CASE**
> 4. The plaintiff contends that the defendant, individually and in his capacity as his union representative, acted in a perfunctory and arbitrary manner, engaged in discriminatory conduct, acted in bad faith without legitimate purpose, dishonest in fact, and in breach of his duty to fairly represent the plaintiff in his wrongful discharge from the Budd Company. The actions of the defendant during the grievance procedure did negatively affect the outcome of the same and was in fact motivated by hostility toward the plaintiff due to his contention that the Union had an illegal agreement with the Budd Company.
> **CLAIMS FOR RELIEF**
> 5. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through seven (7) of this complaint, supra, by reference to its entirety as if fully stated herein.

---

[1] *Patton v. Camper*, Case No. 3:03 CV1759 (N.D. Ohio); *Patton v. Noon*, Case No. 3:03 CV 1798 (N.D. Ohio); and *Patton v. Risner*, Case No. 3:03 CV 1800 (N.D. Ohio).

   6. On or about August 22, 2000, Plaintiff was unjustly terminated after an incident occurred in which he was suspended without having a written disciplinary warning and without benefit of union representation on August 17, 2000. Defendant Lortz set up a meeting to have plaintiff fired for his objection to attend a voluntary trial program after plaintiff raised concerns about the Local and International Unions' involvement in an illegal agreement with the Budd Company.
   7. Defendant Lortz allowed the plaintiff to be discharged without a written disciplinary notice or showing of cause.
   8. As a proximate result of the actions complained herein, the Plaintiff was denied his rights under the grievance procedure of the Local 1803 Contract that was in force at the time. The denial of these rights through the knowing, willful, discriminatory, and dishonest actions of the defendant was based upon hostility toward the Plaintiff because of his opposition to attending a voluntary trial work program and the fact that the Plaintiff contended the Defendant had an illegal agreement with the Budd Company to make these meetings mandatory. As a proximate result of the actions of the defendant and his role in the union, the plaintiff has suffered the loss of his job position, back pay and future pay, seniority, pension benefits and other fringe benefits. The plaintiff has also suffered the loss of his personal residence and personal retirement savings. The plaintiff has also been forced to expend court costs and attorney fees and he and his family have suffered great mental and emotional distress, anxiety, humiliation, and embarrassment all to his damage. Plaintiff seeks restitution for his losses already incurred in the amount of $613,643.04, future attorney fees and court costs associated with this case, and damages.

(Doc. No. 1, Exh. 1.) Additionally, Plaintiff seeks a jury demand.

*B. Motion to Dismiss Standard*

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the complaint in a light most favorable to the plaintiffs. *Evans v. Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2004); *Scheuer v. Rhodes*, 416 U.S. 232, 236(1974). The Court is without authority to dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007) (citation omitted); *Conley v. Gibson*,

355 U.S. 41, 45-46 (1957).  *See generally* 2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE, § 12.34[1] (3d ed. 2007).

*C. Discussion*

In this case it is clear that Plaintiff's allegations arise out of his employment and termination from the Budd Company.  Plaintiff's claim against Defendant Lortz is grounded in the actions taken by Lortz relative to Plaintiff's employment in his capacity as Plaintiff's union representative.

The Supreme Court has addressed the personal liability of actors in the course of their duties as union officers and employees:

> When Congress passed § 301, it declared its view that only the union was to be made to respond for union wrongs, and that the union members were not to be subject to levy.  Section 301(b) has three clauses.  One makes unions suable in the courts of the United States.  Another makes unions bound by the acts of their agents according to conventional principles of agency law (cf. § 301(e)).  At the same time, however, the remaining clause exempts agents and members from personal liability for judgments against the union (apparently even when the union is without assets to pay the judgment).
> . . .
> This policy cannot be evaded or truncated by the simple device of suing union agents or members, whether in contract or tort, or both, in a separate count or in a separate action for damages for violation of a collective bargaining contract for which damages the union itself is liable.

*Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 249 (1962).

The Court must take judicial notice of the prior action and adjudications both at the trial and appellate level.  Plaintiff's complaint is part and parcel of his termination, of which this Court has already determined that the employer did not breach the collective bargaining agreement.  His current claim against Defendant Lortz clearly arises from the situation leading up to and including his termination.  It is clear that the actions alleged by the present defendant were in the course of

his duties as an union official or employee. Stated differently, the claims alleged by the Plaintiff do not arise independently of the collective bargaining agreement as it pertained to Plaintiff's termination therein. Accordingly, claims against the Defendant, whether based upon state or federal law, are barred as a matter of law. *See Morris v. Local 819,* 169 F.3d 782, 784 (2d Cir. 1999); *Williams v. United States Postal Service*, 834 F.Supp. 350, 351-352 (W.D. Okl. 1993), *aff'd* 35 F.3d 575 (10th Cir. 1994).

Finally, Plaintiff's motion for remand is untimely as it was filed more than 30 days after the notice of removal. 28 U.S.C. § 1447(c). *See In re Shell Oil Co.,* 932 F.2d 1523, 1528-1529 (5th Cir. 1991), *cert. denied*, 502 U.S. 1049 (1992) (Thirty day limit is strictly construed).

## CONCLUSION

For the reasons stated above, the Court finds the Defendant's motion to dismiss (Doc. No.7) is granted. Plaintiff's motion to remand (Doc. No. 9) is denied. This case is closed.

IT IS SO ORDERED.

                                              s/ *David A. Katz*
                                              DAVID A. KATZ
                                              U. S. DISTRICT JUDGE